## La Liga de Propietarios de Fincas Urbanas de San Juan v. El Ayuntamiento de San Juan.

Apelación procedente de la Corte de Distrito de San Juan.

No. 124.—Resuelto en junio 3, 1907.

Corporaciones Municipales—Facultades Legislativas.—Una ordenanza municipal regulando el servicio de recogida de basuras é inmundicias y la forma en que deben ser expuestas por los vecinos de la ciudad y disponiendo que los depósitos en que deban ser vertidas serán suministrados por el propietario del inmueble sin hacer diferencia alguna entre ellos, constituye un ejercicio válido de las facultades municipales, tendente á proteger la salud de la comunidad.

Apelación—Escrito de Apelación.—Si en la transcripción de autos no se hubiere incluído un copia del escrito de apelación, ésta deberá desestimarse.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Sarmiento.*

Abogado del apelado: *Sr. Falcón.*

El Juez Asociado Sr. Wolf emitió la opinión del tribunal.

Esta es una apelación en que ha de determinarse la validez de una Ordenanza Municipal de la ciudad de San Juan. La demanda presentada expresa los hechos en la forma siguiente:

"1. Que en esta misma fecha presenta demanda contra el Municipio de San Juan para conseguir sentencia en que se declaren nulas y sin ningún valor ni efecto las disposiciones de la ordenanza votada por el Muncipio de San Juan en 10 de noviembre de 1906, regularizando el servicio de recogida de basuras é inmundicias y forma en que deben ser expuestas por los vecinos de la ciudad en cuanto en su artículo 5, ordena que los depósitos en que los vecinos de las casas de San Juan deben verter las basuras, serán suministrados por los propietarios del inmueble, y en cuanto en su artículo 6, concede á los dueños de las casas un plazo para proveerse de los depósitos á que se refiere el artículo anterior.

"2. Esa ordenanza comenzará á tener fuerza obligatoria el día once de los corrientes y en ella se impone á los contraventores como pena, una multa que no excederá de diez dollars ó prisión que no excederá de treinta días, ó ambas penas á discreción del Juez de Paz.

"3. Que no siendo los propietarios de las casas de San Juan, en

su calidad de tales, los productores de las basuras é inmundicias que se han de recoger, ni los encargados de recogerlas, ni siendo materia de sanidad el determinar quien ha de suministrar los depósitos en que los vecinos recogen las basuras, la ordenanza expresada en los particulares, objeto de la demanda, infringe y perjudica notoria é injustamente los derechos de la Liga demandante, al imponer á sus asociados la obligación de suministrar los depósitos para la recogida de las basuras y, por esto, necesita que se expida un mandamiento de "injunction" para que se requiera al Municipio de San Juan en la persona del Alcalde como su legítimo representante, para que, mientras el pleito principal se resuelva, se abstenga de exigir el cumplimiento de esa obligación.

"4. Que esta petición de "injunction" procede por estar comprendida en los casos 1, 2, 4 y 6, de la sección 3, y en la sección 12 de la Ley de 8 de marzo de 1906, para definir los "injunctions."

"Por lo expuesto,

"Suplica al Tribunal que, previa prestación de la fianza, que se sirva fijar, ordene la expedición de un mandamiento al Marshal de la Corte de Distrito para que el Municipio de San Juan, en la persona de su representante legal el Alcalde, sea requerido para que por ahora, se abstenga de exigir á los propietarios de casas de esta Capital el cumplimiento de la Ordenanza regularizando el servicio de basuras é inmundicias y forma en que sean expuestas por los vecinos de la Ciudad en cuanto se refiere al suministro por los propietarios del inmueble á los inquilinos de los depósitos donde las basuras hayan de ser vertidas."

Durante su informe oral el apelante admitió que la ordenanza estaba comprendida dentro de las facultades legislativas en general, pero alegaba que dicha Ordenanza estaba fuera de las facultades de la Municipalidad. Sin embargo, como no se nos ha demostrado lo contrario, opinamos que la ordenanza, que tiene igual efecto sobre todos los propietarios, sin hacer diferencia alguna entre ellos, constituye un ejercicio válido de las facultades Municipales tendentes á proteger la salud de la comunidad.

Hemos discutido el caso bajo este aspecto, porque fué argumentado y considerado antes de que el Tribunal fijara su atención en un defecto capital, que consiste en haber dejado

de presentar el apelante, junto con el récord, una copia del escrito de apelación, según la exigen los artículos 299 y 303 del Código de Enjuiciamiento Civil. Hemos tenido ocasión de resolver este punto en los casos de *Fernández* v. *Sucesión Irrizarry y otro y Ex parte Hecht*, resueltos por este Tribunal en 26 de enero y 29 de junio de 1906, respectivamente, en los que se ha establecido la doctrina que la presentación de tal escrito de apelación es un requisito indispensable para que este Tribunal pueda adquirir jurisdicción.

Por virtud de las consideraciones precedentes, somos de opinión que debe desestimarse la apelación interpuesta en este caso con las costas á la parte demandante y apelante.

*Desestimada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociado, Figueras.

Los Jueces Asociados Sres. Hernández y MacLeary no intervinieron en la resolución de este caso.